Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ASOCIACIÓN DE RESTAURANTES DE PUERTO RICO, INC.<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR<br><br>DEPARTAMENTO DE RECURSOS NATURALES<br><br>Recurridas | KLRA202400674 | *Revisión Judicial* procedente del Departamento de Asuntos del Consumidor (DACO)<br><br>SOBRE: REGLAMENTO CONJUNTO DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR Y EL DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>Número: INTERPRETACIÓN 2024–001 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2025.

El 6 de diciembre de 2024, la Asociación de Restaurantes de Puerto Rico, Inc. (en adelante: "ASORE o Recurrente") compareció ante nos en el presente *Recurso de Revisión Administrativa.* En resumen, nos solicita que revisemos la *Interpretación Oficial 2024-001* publicada conjuntamente el 8 de noviembre de 2024 por el Departamento de Asuntos del Consumidor (en adelante: "DACO") y el Departamento de Recursos Naturales y Ambientales (en adelante: "DRNA", y en conjunto: "Recurridas"). En igual fecha, declaramos *Con Lugar* una *Moción en auxilio de jurisdicción* presentada por ASORE, paralizando así los efectos de la *Interpretación Oficial 2024-001.*

Procedemos a **desestimar** el presente recurso de revisión judicial por **haberse tornado académico**. Veamos.

Número Identificador
SEN2025_____

**-I-**

El **28 de junio de 2024**, el DACO y el DRNA adoptaron el Reglamento Conjunto Núm. 9570 para prohibir la utilización y venta de plástico de un solo uso en Puerto Rico.[1] Al entrar en vigor el aludido reglamento, las Recurridas recibieron varias consultas.[2] Por lo que, el **8 de noviembre de 2024** publicaron conjuntamente la *Interpretación Oficial 2024-001*,[3] con el propósito de que la implementación y fiscalización de la Ley Núm. 51-2022, según enmendada,[4] se llevará acabo de manera uniforme y consistente.

No conforme, ASORE presentó el *Recurso de Revisión Administrativa* que nos ocupa el **6 de diciembre de 2024**. Allí, adujo como señalamiento de error que;

> *ERRARON LAS AGENCIAS RECURRIDAS AL PUBLICAR LA INTERPRETACIÓN OFICIAL 2024-01 EN CONTRAVENCIÓN A LAS DISPOSICIONES APLICABLES DE LA LPAU, POR LO TANTO, DICHA INTERPRETACIÓN ES NULA DE SU FAZ. LA INTERPRETACIÓN SURGE DE UN REGLAMENTO EN EL CUAL EL DACO Y EL DRNA SE EXCEDIERON DE SUS PODERES DELEGADOS.*

Además, en una moción en auxilio de jurisdicción ASORE nos solicitó la paralización de la implementación de la *Interpretación Oficial 2024-001*, la cual, declaramos *Con Lugar* y ordenamos a las Recurridas a presentar su alegato en un plazo de 30 días.

Por su parte, el DRNA, por conducto de la Oficina del Procurador General de Puerto Rico, solicitó un término adicional para someter su posición, lo cual fue concedida.

No obstante, el **28 de enero de 2025** el DRNA sometió una *"SOLICITUD DE DESESTIMACIÓN"*. En esencia, nos indicó que al

---

[1] *REGLAMENTO CONJUNTO DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR Y EL DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES PARA PROHIBIR LA UTILIZACION Y VENTA DE PLASTICOS DE UN SOLO USO*, Reglamento Núm. 9570, Departamento de Estado, 28 de junio de 2024.; Véase, además; Apéndice VIII del *Recurso de Revisión Administrativa*, págs. 60 – 70.

[2] Apéndice I del *Recurso de Revisión Administrativa*, pág. 1.

[3] Apéndice I del *Recurso de Revisión Administrativa*, págs. 1 – 10.

[4] Ley Núm. 51 de 29 de junio de 2022, según enmendada, conocida como *"Ley para Prohibir el Expendio y Utilización de Plásticos de un Solo Uso en Todo Local Comercial, de Venta y Distribución Autorizada a Realizar Negocios Conforme a las Leyes del Estado Libre Asociado de Puerto Rico"*, 12 LPRA sec. 8201 *et seq.*

presente la controversia se tornó inexistente y académica. Señaló que el **27 de enero de 2025**, el DACO y el DRNA emitieron conjuntamente la **ORDEN 2025-002** *"PARA DEJAR SIN EFECTO LA INTERPRETACIÓN OFICIAL 2024-001 CONJUNTA DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR Y EL DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES".*[5]

En lo pertinente, establecieron que:

> *[A]sí las cosas, el 8 de noviembre de 2024 entró en vigor la Interpretación conjunta del DACO y el DRNA, en la que se buscó aclarar ciertas dudas existentes entre los comerciantes y consumidores con relación a los productos y estándares, entre otras. No obstante, luego do una evaluación exhaustiva, se ha determinado que está en los mejores intereses de los consumidores y la política pública dejar sin efecto la Interpretación. Es por ello por lo que, y en atención a lo antes señalado, la Secretaria Designada del DACO y el Secretario Designado del DRNA expiden la siguiente:*
>
> ***ORDEN***
> *SECCIÓN 1: Se deja sin efecto la Interpretación, la cual buscaba aclarar los procedimientos de supervisión y fiscalización de los establecimientos comerciales, según definidos por la propia reglamentación, respecto a la prohibición del uso y venta de plásticos de un solo uso en Puerto Rico, al igual que promover la implementación y cabal cumplimiento con la ley 51.*
> *SECCIÓN 2: Esta Orden entrará en vigor inmediatamente.*[6]

**-II-**

Resumidos los hechos que originan el recurso epígrafe, examinemos el derecho aplicable.

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[7] La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[8] Al respecto, nuestro

---

[5] *Véase*; Anejo de I de la *Solicitud de Desestimación* presentada por el DRNA por conducto de la Oficina del Procurador General de Puerto Rico sometida el 28 de enero de 2025.
[6] *Íd.*
[7] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).; *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).
[8] *IG Builders et al. v. BBVAPR, supra*, pág. 334.

ordenamiento expresa:

> *[s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado **académico**.*[9]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[10] La *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[11]

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[12] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[13] Por lo cual, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> > *1) que el Tribunal de Apelaciones carece de jurisdicción;*
> > *2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;*
> > *3) que no se ha presentado o proseguido con diligencia o de buena fe;*
> > *4) que el recurso es frívolo y surge claramente que*

---

[9] *PNP v. Carrasquillo, supra,* pág. 74.
[10] *Angueira v. JLBP,* 150 DPR 10, 19 (2000).
[11] *Báez Díaz v. ELA,* 179 DPR 605, 617 (2010).
[12] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[13] *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014).

> *no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;*
>
> *5) **que el recurso se ha convertido en académico.***
>
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[14]

De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[15]

**-III-**

En el presente caso, la **ORDEN 2025-002** *"PARA DEJAR SIN EFECTO LA INTERPRETACIÓN OFICIAL 2024-001 CONJUNTA DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR Y EL DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES"* emitida el **27 de enero de 2025**, tornó académico el recurso de epígrafe ante nuestra consideración. De manera que —a la luz de la normativa antes reseñada y en vista de que el asunto planteado por ASORE— no es justiciable, procedemos a desestimar el recurso de revisión epígrafe por academicidad.

**-IV-**

Por los fundamentos antes expuestos, se **desestima** el recurso de revisión presentado por **haberse tornado académico**.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] Regla 83 inciso (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(C).

[15] *Moreno v. UPR II,* 178 DPR 969, 974 (2010).